UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 3:13-cv-1193-J-99mmH-MCR

| | |
|---|---|
| GARETTE AND DENISE WILSON, Plaintiffs, v. NATIONSTAR MORTGAGE, LLC Defendants. | **COMPLAINT** **AND JURY TRIAL DEMANDED** **INJUNCTIVE RELIEF SOUGHT** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Florida Consumer Collection Practices Act, §§ 559.55-559.785.

3. Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiffs, Garette and Denise Wilson, are natural persons who reside in the County of Duval, State of Florida, are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) persons with standing to bring a claim under the Fair Debt Collection Practices Act (hereinafter "FDCPA") by virtue of being directly affected by a violation of the Act, to wit

Defendant failed to honor a loan modification agreement previously entered into with the prior loan servicer, Aurora Bank FSB ("Aurora").

5. Defendant Nationstar Mortgage, LLC (hereinafter "Defendant"), is a mortgage servicing company conducting business in the State of Florida, Duval, and is a debt collector under 15 U.S.C. § 1692a(6).

6. Defendant is a "debt collector" because it attempted to collect a debt from Plaintiffs alleging that it was in default, when, in actuality, it was not.

7. Defendant is in "violation" because it began servicing the loan and alleged the debt was in default and failed to honor a modification offer by the prior loan servicer, Aurora.

## FACTUAL ALLEGATIONS

8. This action involves a "debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was primarily for personal, family, and/or household purposes. § 1692a(5).

9. On or around March, 2012, Plaintiff was offered a trial modification with Aurora.

10. Plaintiffs made each trial modification payment on time and in full.

11. Plaintiffs were then offered a permanent modification in which only wife was required to execute the agreement and return to Aurora ("Agreement").

12. Shortly after Plaintiffs executed and returned the Agreement, Defendant took over servicing the loan.

13. Plaintiffs began making their new modified payments pursuant to the Agreement with Aurora in the amount of $966.88 beginning July 1, 2012. Shortly thereafter,

and after the notice of change of servicer, Plaintiffs began sending the new modified payments to Defendant.

14. Soon after Defendant began servicing the loan, Defendant's monthly statements indicated a different amount on the statement than what the modification Agreement provided for.

15. Plaintiffs called Defendant on multiple occasions and was told the Agreement was not in their system.

16. After many unsuccessful attempts at locating the Agreement, Defendant sent an unsolicited modification offer to Plaintiffs.

17. The new modification offer required a monthly payment $256.15 higher than the original Agreement amount.

18. Plaintiffs were then told by Defendant that the Agreement had been located but that too much time had passed in order to abide by the Agreement- but that this new offer was "pretty close" to the Aurora Agreement.

19. Plaintiffs continued to honor the terms of the Agreement and continued to send in $966.88 every month to Defendant.

20. On or about January 24, 2013, Defendant mailed Plaintiffs a letter which provided that Debtor was in default as of November 11, 2012 (Exhibit A).

21. The letter explained and informed Plaintiffs that they had thirty (30) days to cure the default or else Defendant would accelerate the loan and begin foreclosure proceedings.

22. On or around May 10, 2013, Plaintiffs received a letter from the Van Ness Law Firm that Plaintiff's file/account had been referred to their office for foreclosure.

23. On May 14, 2013, Plaintiffs filed for Chapter 7 bankruptcy relief (Case No. 3:13-bk-02995).

24. On August 26, 2013, the Bankruptcy Court entered an order of Discharge and the case was closed.

25. Plaintiffs indicated an intent to retain the property and reaffirm the debt in the bankruptcy case – but a reaffirmation agreement was never sent to Plaintiffs or Plaintiffs' attorney.

26. All along, Plaintiffs have continued to make their payments according to the Agreement.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates by reference Paragraphs 1-26 of the Complaint as though fully stated herein.

28. As detailed in the preceding paragraphs, Defendant took over servicing Plaintiff's loan and failed to honor the Modification Agreement both parties agreed to prior to the servicing change.

29. Defendant alleges Plaintiffs defaulted on the note and mortgage on 11/1/2012 despite Plaintiff's informing Defendant of the prior Modification Agreement with Aurora.

-5-

30.     As such, Defendant intentionally violated the FDCPA by alleging Plaintiffs are in default of a debt for which they were not. § 1692(e)(2).

31.     Because of Defendant's mistake, Defendant is also seeking to collect monies for late charges and accrued interest wrongfully. § 1692(f)(1).

32.     As a result of Defendant's actions, Plaintiffs suffer from mental and physical distress over the inclination from Defendant that they are going to lose their home in foreclosure.

33.     **Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

34.     Plaintiffs incorporate by reference Paragraphs 1-26 of this Complaint as though fully stated herein.

35.     At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiffs were "consumers," as Plaintiffs are natural people allegedly obligated to pay a debt as per Defendant's collection/demand letter.

36.     At all times material, pursuant to section 559.55(6), Florida Statutes, Defendant was a "debt collector," as Defendant used an instrumentality of commerce for the purpose of collecting a debt, by mailing the collection letter, and as otherwise provided under the same statute.

-6-

37. Section 559.77(5), Florida Statutes, provides that interpretations of the federal courts relating to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") shall be given great weight when applying the provision of the FCCPA.

38. The note on which Defendant attempted to collect money on was a "consumer debt" within the meaning of section 559.55(1), as the Default Notices addressed an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

39. Section 559.72(9), Florida Statutes, prohibits a debt collector from trying to collect a debt that it knows is not legitimate.

40. Defendant intentionally or negligently attempted to collect a debt from Plaintiffs despite a prior Agreement.

41. As a result of Defendant's actions, Plaintiffs suffer from mental and physical distress, because Plaintiffs are afraid they are going to lose their home in foreclosure and Plaintiffs have incurred attorney's fees and costs in pursuing this action.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**COUNT III: VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT—§§ 501.201-.23, FLA. STAT ("FDUTPA")— AGAINST NATIONSTAR, ADDITIONALLY OR ALTERNATIVELY**

42. Plaintiffs incorporate by reference Paragraphs 1-26 of this Complaint as though fully stated herein.

43. At all times material, Plaintiff was a "consumer," pursuant to section 501.203(7), Florida Statutes.

44. At all times material, Defendant was involved in "trade or commerce" by providing the service of loan servicing, pursuant to section 501.203(8), Florida Statutes.

45. FDUTA makes unlawful "deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

46. Defendant violated section 501.204 by delaying, mishandling, misrepresenting, and so on, Plaintiffs' Loan Documents, and Permanent Modification; and by intentionally sending false statements and letters to Plaintiffs that threaten foreclosure, misstate the status of Plaintiffs' loan, misstate the amounts Plaintiffs owe, and so on—as described in detail herein.

47. Upon information and belief, Plaintiffs would allege that all of these statements, actions, and representations were unfair and deceptive, and done maliciously, knowingly, intentionally, improperly, and illegally.

48. Since June of 2012, as a proximate result of Defendant's intentional actions calculated to back out of the Permanent Modification, and to push Plaintiffs into default and foreclosure, and to make additional fees and costs from a non-performing loan, Plaintiffs have been under extraordinary stress for fear of losing their home.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled; and

b) judgment be entered against Defendants for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2); for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts; and any and all other relief to which Plaintiff is entitled.

c) judgment be entered against Defendant for an award of actual damages for Plaintiff, and any and all other relief to which Plaintiff is entitled.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

/s/ Gregory S. Gilbert

Gregory S. Gilbert
Florida Bar No. 085916
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
ggilbert@jaxlawcenter.com

**Trial Counsel for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA         )
                                            )
COUNTY OF DUVAL         )

Plaintiff Garette Wilson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Garette Wilson

Subscribed and sworn to before me
this ___ day of September, 2013.

_____
Notary Public

YOLANDA CORDEZ HATCHELL
Commission # DD 992597
Expires May 17, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            )
COUNTY OF DUVAL             )

Plaintiff Denise Wilson, having first been duly sworn and upon oath, deposes and says as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Denise Wilson

Subscribed and sworn to before me
this 17th day of September, 2013.

_____
Notary Public, State of Florida

Notary Public State of Florida
Barbara L Romano
My Commission DD916772
Expires 10/27/2013

-10-